AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
_____ District of _____

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. **CR 25-71251-MAG** |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | |

**FILED**
Oct 22 2025
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ in the county of _____ in the _____ District of _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| | |

This criminal complaint is based on these facts:

☐ Continued on the attached sheet.

/s/
*Complainant's signature*

Approved as to form  /s/
AUSA  Jeff Nedrow

*Printed name and title*

Sworn to before me by telephone.

Date: 10/22/2025

*Judge's signature*

City and state: _____

*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Curtis J. Ames, a Special Agent of the Drug Enforcement Administration, having been duly sworn, state as follows:

## INTRODUCTION

1.  I make this affidavit in support of an application for an arrest warrant and criminal complaint charging Frank Anthony Ruberto GOWANS with one count of violating 21 U.S.C. §§841(a)(1) and (b)(1)(B)(viii), which criminalizes the intentional distribution of five grams and more of methamphetamine, a federally controlled Schedule II substance. As supported by this affidavit, GOWANS intentionally distributed five grams and more of methamphetamine on or about September 12, 2025 in San Jose, California, within the Northern District of California.

## SOURCES OF INFORMATION

2.  The facts in this affidavit come from my direct observations, my training and experience, information from records and databases, and information obtained from other law enforcement agents, officers, and other witnesses. Where statements made by other individuals (including other special agents and law enforcement officers) are referenced in this affidavit, such statements are described in sum and substance and in relevant part, unless otherwise indicated. Similarly, where information contained in reports and other documents or records is referenced in this affidavit, such information is also described in sum and substance and in relevant part, unless otherwise indicated.

3.  Because this affidavit is submitted for the limited purpose of establishing probable cause to support the issuance of a criminal complaint and an arrest warrant, I have not included each and every fact known to me about this case. Rather, I have set forth facts that I

believe are sufficient to establish probable cause for a criminal complaint and an arrest warrant. My understanding of the facts and circumstances in this matter may evolve as the investigation continues.

## AFFIANT BACKGROUND

4. I am currently employed by the United States Department of Justice, Drug Enforcement Administration ("DEA"), as a Special Agent ("SA"). I have been employed by the DEA since December 2022. I am currently assigned to the San Jose Resident Office (San Francisco Field Division) – Enforcement Group 1. I am an investigator and law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516.

5. Prior to becoming a Special Agent with DEA, I worked as a Police Officer in Massachusetts for the Town of Shrewsbury, for approximately three years. During my time with the Shrewsbury Police Department, I was personally involved in dozens of investigations of and arrests for unlawful possession and use of, possession with intent to distribute, trafficking of, and distribution of controlled substances.

6. Once becoming a DEA SA, I successfully completed a sixteen-week DEA Basic Agent Training Academy at the DEA Academy in Quantico, Virginia. This training provided instruction in the investigation of federal drug trafficking violations, including several hundred hours of comprehensive and formalized instruction in basic narcotics trafficking investigations, drug identification, drug detection, drug interdiction, federal narcotics laws, financial investigations and money laundering, identification and seizure of drug-related assets, undercover operations, and electronic and physical surveillance procedures.

7. I have also received on-the-job training through my participation in numerous

2

drug trafficking investigations and through my work with other experienced federal, state, and local law enforcement agents and officers. During my employment as a DEA SA, I have participated in many controlled substance investigations either as a case agent or in a supporting role. I have debriefed confidential sources and witnesses who had personal knowledge regarding drug trafficking organizations. In addition, I have discussed with numerous law enforcement investigators and confidential sources the methods and practices used by drug traffickers. I have also participated in many other aspects of drug investigations including, but not limited to, telephone toll analysis, records research, investigative interviews, and electronic and physical surveillance. I have assisted in court-ordered wiretap investigations and supported the execution of numerous federal and state search and arrest warrants related to illegal activities involving controlled substances. Many of these investigations resulted in the arrest of suspects and the seizure of controlled substances and related items.

8. Through my training, education, experience, and conversations with other agents and officers who conduct drug investigations, I have become familiar with drug traffickers' methods of operation, including but not limited to, the manufacturing, distribution, importation, storage, safeguarding, and transportation of controlled substances, and the methods used by drug traffickers to collect, transport, safeguard, remit, and/or launder drug proceeds. Similarly, I have become familiar with drug traffickers' use of mobile telephones, and their use of code words to conduct their business.

### STATEMENT OF PROBABLE CAUSE

I. **September 12, 2025 Controlled Purchase from GOWANS**

9. In April 2025, the Drug Enforcement Administration (DEA) obtained first-hand knowledge of a source of supply for cocaine and MDMA operating in the San Jose, California

area. This source of supply provided a DEA agent with the telephone number (510) 458-6976 (hereafter, the "GOWANS Phone"). In April 2025, a DEA undercover agent (the "DEA UC") communicated with the user of the GOWANS Phone regarding a possible purchase of narcotics. In May 2025, the DEA UC purchased a small quantity of narcotics from a person believed to be associated with the user of the GOWANS Phone based on these discussions. Based on the circumstances of this transaction, agents believed that GOWANS delegated distribution responsibility to the person who delivered the narcotics to the DEA UC.

10. In September 2025, a DEA UC communicated with the GOWANS Phone to coordinate a narcotics transaction for September 12, 2025. The user of the GOWANS Phone, believed to be GOWANS, sent the DEA UC photographs of suspected counterfeit Adderall pills, and agreed to sell the DEA UC three bottles of Promethazine Hydrochloride and approximately 1,000 suspected counterfeit Adderall pills[1].

11. On September 12, 2025, at approximately 12:30 PM, law enforcement established surveillance in the area of 925 Blossom Hill Road, San Jose, California in anticipation of the narcotics transaction.

12. At approximately 1:14 PM, on September 12, 2025, the DEA UC purchased approximately 1,000 suspected counterfeit Adderall pills and three bottles of Promethazine Hydrochloride[2] from GOWANS for $1,250.

13. The narcotics purchased from GOWANS on September 12, 2025 were sent to DEA's Western Regional Laboratory for testing. The suspected counterfeit Adderall pills tested positive for methamphetamine (calc. as hydrochloride) with a net weight of 369.1g ± 0.2g, a

---

[1] Promethazine Hydrochloride is not a controlled substance, but it is a substance which is sometimes misused by individuals with substance issues for its sedative properties. Adderall is a stimulant and Schedule II controlled substance.

substance purity of 4.3% ± 0.5%, with the amount of pure substance, that is, the amount of actual methamphetamine, being 15.8g ± 1.9g. Due to the Promethazine Hydrochloride being associated with non-controlled pharmaceuticals, the DEA WRL placed the exhibit in a "No Analysis" status.

    **II.**    **September 26, 2025 Controlled Purchase from GOWANS**

14. In September 2025, a DEA UC communicated with the GOWANS Phone to coordinate a narcotics transaction for September 26, 2025. The user of the GOWANS Phone, believed to be GOWANS, confirmed the order of approximately 3,000 suspected counterfeit Adderall pills, a sample amount of suspected pharmaceutical Oxycodone pills, and a sample of suspected counterfeit Oxycodone pills[3].

15. On September 26, 2025, at approximately 12:30 PM, law enforcement established surveillance in the area of 532 W Santa Clara Street, San Jose, California in anticipation of the narcotics transaction.

16. At approximately 1:31 PM, on September 26, 2025, the DEA UC purchased from GOWANS approximately 3,000 suspected counterfeit Adderall pills (for approximately $1,800), 8 suspected pharmaceutical Oxycodone pills (for approximately $200), 4 unknown yellow pills (for approximately $100), and approximately 1 gram of suspected Cocaine ($0). The entire lot of drugs provided to the DEA UC by GOWANS was priced at $2,100, however the exact breakdown per drug is an approximation.

17. The 3,000 suspected counterfeit Adderall pills acquired by law enforcement from GOWANS during the September 26, 2025 transaction tested presumptively positive for methamphetamine. The suspected pharmaceutical Oxycodone pills tested presumptively positive

---

[3] Adderall is a stimulant and Schedule II controlled substance. Oxycodone is a pain reliever and Schedule II controlled substance.

5

for Oxycodone. The results of the yellow pill's presumptive testing yielded an inconclusive result. The suspected cocaine tested positive for Cocaine Hydrochloride with a net weight of 1.037g ± 0.002g, a substance purity of 86% ± 6%, with the amount of pure substance, that is, the amount of actual Cocaine Hydrochloride being 0.891g ± 0.061g. All narcotics purchased from GOWANS on September 26, 2025, were sent to the DEA Western Regional Laboratory. Results are pending for the suspected methamphetamine, suspected pharmaceutical Oxycodone pills, and the yellow pills.

18.     GOWANS arrived at the September 26, 2025 drug transaction in a medium-gray 2025 Ford F150 bearing California license plate 51509G4. A registration inquiry of this plate informed law enforcement that the registered owner is Ean Holding LLC, which is known by law enforcement to be Enterprise Rent-A-Car Co of San Francisco, LLC (hereinafter, "Enterprise"). An employee of Enterprise informed law enforcement that the current rental agreement was in the name of Frank GOWANS.  The date of birth and residential street address information provided on the Enterprise rental agreement for GOWANS were consistent with records information maintained by the California Department of Motor Vehicles for GOWANS.  In addition, the photograph on file with the California Department of Motor Vehicles matched the physical appearance of the individual who distributed narcotics to the DEA UC at the September 12, 2025 and September 26, 2025 narcotics transactions described above.

19.     Following the exchange of narcotics for money, and conversation between the DEA UC and GOWANS, GOWANS exited the DEA UC vehicle and re-entered the medium gray 2025 Ford F150. GOWANS then departed the scene.

## CONCLUSION

20.    Based on the facts and circumstances above, there is probable cause to believe that GOWANS violated 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), for intentionally distributing five grams and more of methamphetamine, a federally controlled Schedule II substance, on or about September 12, 2025 in San Jose, California, within the Northern District of California. Accordingly, I respectfully request that the Court issue a criminal complaint and a warrant for GOWANS' arrest.

                                                          ___/s/ by phone_____
                                                          Curtis J. Ames
                                                          Special Agent
                                                          Drug Enforcement Administration

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this _22_ day of October 2025.

_____
HONORABLE NATHANAEL COUSINS
United States Magistrate Judge